19-1570-cv
Alharbi v. Miller

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
                 *Circuit Judges*,
          JED S. RAKOFF,*
                 *Judge*.

------------------------------------------------------------------

AHMED ALHARBI, GAMEELAH ALHARBI, RIYADH ALHARBI, NIDAL ASSIEEBY, AHMAD ALHARBI, YAHYA MURSHED, GHADEER MURSHED, SAADIA NASSER, TAHA THABIT, AISHA THABIT, QASEM THABIT, ABDULLAH MUGAMAL, EMAD MUGAMAL, JEHAN AL NAJJAR,

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

DUAA MUGAMAL, MUSLEH
MUGAMAL, MOHAMED
MUGAMAL, HUSSAIN
MUGAMAL, SAMIA AL-NAMER,
SADAM MUGAMAL, YASMEEN
MUGAMAL, SALAH MUGAMAL,
NADIA SALEH, NOORIA
MUGAMAL, LAYAN MUGAMAL,
HUSSEIN ALI, LAILA ALI,
DHEYAZAN SAEED, SAIF SAEED,
RUQAIA ALDAFRI, RASHED AL
SHUGAA, ALI MUSSA, ISEAL
MUSA, ALTAZAM ALGAAD,
AHMED AL SAIDI, NUGOOD
AHMED, BASSAM ALMONTASER,
SALEH MURSHED, AISHA RAGIH,
HANAN NAGI, ALI HAMOOD,
MOHAMMED HUSAIN, YASEEN
HUSSEIN, ZAHR ALMULAIKI,
FADIL ALMULAIKI, KAID SALEH,
TAHANI ALI, MOHAMED TAHER,
YASSIN TAHER, ARWA QAHTAN,
REDAN QAHTAN, HIZAM
ALZOOKARI, LUTFIAH AL
GAMAL, GAMIL ASSEADY,
AHMED ASSAEDY, WEDAD ALI,
ABDULBASET RAGEH, KAMAL
SALIM, NASSER SALIM, ABDUH
AHMED ALQASSARI, EHTIRAM
YAHYA, ASHWAK MUKBIL,
TAHANI QASEM, AHLAM
MOHAMED, NESMAH ALI,
TAMNIA MURSHED, ABDULAZIZ
ALI, SABAH MURSHED, AISHA

ALI, RAWAIAH NASSER, BASMA
HADI, AHMED MOHAMED,
MOHAMED HADI, ALSAMAWI
MUTAHAR, SABAH MOHAMMED,
KAFA ALMUNTASER, GANA
HADI, RADWAN ALI,
MURTADHA SALEH, KAWTHER
HADI, SABAH MUTHANA, LAYLA
QASEM, AMANI SALEH, FERYAN
ALI, SULTAN AL WADI, FARES
AL-SHALH, RADWAN SALEH,
MARIAM MUTHANA, ALI
MURSHED, RIYADH ALI, FATIMA
ALI, ALFIAH KAID, ROUWAIDA
ALCHOUJAA, ASIA MATHAR,
EBRAHIM AL-SHALH, HASSAN
MURSHED, GAWAHER QASEM,
ALVA AHMED, ABEER JABAR,
SIHAAM AL-ROWHANI, SAMAH
MUTHANA, GHADEER AL-
HOWTHI, FARAH MOHAMED,
WASSEEM MOHAMED,
MOHAMED SALEH, MONTASER
ALI, SUMAIA ABDULRAHMAN,
HAFEDH OBAD, ENAS SALEH,
NOOR MUTHANA, SULTAN
OBAD, MONA OBAID, AMANI
SALEH, ERADAH ALZINADANI,
SUAD ABDULLAH MUTHANA,
DHEYAZAN QAID, SUAD YEHYA
MUTHANA, ABDUL HADI, AWAD
HADI, ENTIBAH MARCHED,
HADI MOHAMMED, QUANAF

JABAR, KAREM MOHAMED, ALI SALEH,

*Plaintiffs-Appellants*,

v.                                                                  No. 19-1570-cv

STEPHEN MILLER, SENIOR POLICY ADVISOR FOR THE PRESIDENT, DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES OF AMERICA, UNITED STATES OF AMERICA, MICHAEL POMPEO, SECRETARY OF THE UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF STATE, UNITED STATES EMBASSY IN DJIBOUTI, CHAD F. WOLF, ACTING SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CHRISTOPHER WRAY, DIRECTOR OF FEDERAL BUREAU OF INVESTIGATION, FEDERAL BUREAU OF INVESTIGATION, U.S. CUSTOMS AND BORDER PROTECTION, WILLIAM P. BARR, ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

*Defendants-Appellees*.

------------------------------------------------------------------

4

FOR PLAINTIFFS-APPELLANTS:     JULIE A. GOLDBERG, Goldberg and Associates, Bronx, NY.

FOR DEFENDANTS-APPELLEES:     JOSHUA S. PRESS, Trial Attorney, Office of Immigration Litigation (Samuel P. Go, Assistant Director, William C. Peachey, Director, District Court Section, Office of Immigration Litigation, *on the brief*), *for* Jeffrey B. Clark, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC (Joseph Marutollo, Assistant United States Attorney, *on the brief*, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part and the judgment of the District Court is otherwise AFFIRMED.

5

The Plaintiffs-Appellants are Yemeni visa applicants and their sponsors. They appeal from a judgment of the District Court (Cogan, J.) granting the Government's motion to dismiss their claims for an order compelling the Government to adjudicate their visa applications and provide them with visas. On appeal, the Plaintiffs-Appellants challenge only the District Court's conclusions with respect to their claims under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act (APA), 5 U.S.C. § 500 et seq, and the Due Process Clause of the Fifth Amendment. Because all of the Plaintiffs-Appellants' applications have been adjudicated, the Government now moves to dismiss the appeal as moot. We assume the parties' familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal in part and affirm in part.

The Plaintiffs-Appellants seek an order that both compels adjudication of their visa applications and requires the Government to actually issue the visas for which they applied. It is undisputed that the vast majority of the Plaintiffs-Appellants have now been issued visas. As to those individuals, we agree with the Government that the appeal must be dismissed as moot. Knox v. Serv.

6

*Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (quotation marks omitted)).

The dispute remains live, however, with respect to those twenty-one Plaintiffs-Appellants whose visa applications have been refused, because they continue to seek an order on the merits compelling the Government to issue visas to them. The District Court dismissed the claims of the remaining Plaintiffs-Appellants under the doctrine of consular nonreviewability. We agree.[1]

Each Plaintiff-Appellant excluded from entry was excluded "on the basis of a facially legitimate and bona fide reason," and so our review can go no further. *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972). Most of the excluded Plaintiffs-Appellants were excluded on statutory substantive inadmissibility grounds. *See, e.g.*, 8 U.S.C. § 1182(a)(6)(C)(i) (willful material misrepresentation); § 1182(a)(6)(E) (smuggling).

---

[1] To the extent that Appellants argue that the doctrine of consular nonreviewability does not apply to claims asserted under the APA, they forfeited the contention by failing to raise it in the proceedings before the District Court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).

Only two Plaintiffs-Appellants were ultimately excluded on the basis of Presidential Proclamation 9645. They contend that they are exempt from Proclamation 9645 because they were given "approval notices" before the Proclamation took effect. The approval notices, they claim, constituted "issued visas" that could not be revoked pursuant to Section 6(c) of the Proclamation. We agree with the District Court, however, that the "approval notices" were not "issued visas." Therefore, we conclude that the refusals based on Proclamation 9645 were facially legitimate and bona fide.

We have considered the Plaintiffs-Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED in part, and the judgment of the District Court is otherwise AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8